NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| EDGARDO ESCOBAR, AKA Edgardo A. Hernandez, AKA Edgardo A. Serdenec, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-70778 <br><br> Agency No. A094-300-023 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:     FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Edgardo Escobar, a native and citizen of Honduras, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241.

The agency did not err in concluding that Escobar did not establish membership in a cognizable particular social group consisting of individuals returning from the United States who are perceived as being wealthy. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence supports the agency's conclusion that Escobar otherwise failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

In light of its finding that Escobar failed to demonstrate any nexus to a

19-70778

protected ground, the agency did not err in evaluating Escobar's application under the different standards applicable to asylum and withholding of removal claims. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017). The BIA likewise did not err in electing not to reach whether changed circumstances in Honduras excused Escobar's untimely application for asylum. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))). Thus, Escobar's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Escobar failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**